UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN PICKELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN SANDS, ET AL.,<br><br>　　　　Defendants. | No. 2:12-cv-0373 TLN DAD PS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** |

　　　　Plaintiff Dan Pickell ("Plaintiff"), proceeding pro se, commenced this action by the filing of a complaint on February 14, 2012. (ECF No. 1.) In his complaint, Plaintiff alleges that on or about June 9, 1994, Plaintiff obtained a California State Contractors License. (ECF No. 1 at 3.)[1] On September 20, 2011, the California Contractors State License Board ("CSLB"), issued to R P Heating & Sheet Metal, which Plaintiff operated, a Notice of Unsatisfied Final Liability. (ECF No. 1 at 8.) The notice stated that on September 16, 2011, the California Franchise Tax Board ("FTB") had notified the CSLB of R P Heating & Sheet Metal's outstanding tax liability in the amount of $151,958.36. (ECF No. 1 at 8.) The notice also indicated that pursuant to California Business and Professions Code § 7145.5, proof of the satisfaction of the aforementioned tax liability from the FTB had to be submitted to the CSLB by November 20, 2011, or Plaintiff's

---

[1] Page number citations such as this one refer to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

contractor's license would be suspended. (ECF No. 1 at 8.)  Based on these allegations, the instant complaint alleges causes of action for declaratory relief and violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983.

Plaintiff filed a motion for summary judgment on June 19, 2013. (ECF No. 28.) Defendants filed a cross-motion for summary judgment on August 6, 2013. (ECF No. 31.) Plaintiff filed an untimely opposition to Defendants' motion on September 13, 2013, (ECF No. 35), and Defendants filed a response on September 16, 2013. (ECF No. 36.) On April 1, 2014, this Court adopted the Magistrate Judge's Findings and Recommendation and granted summary judgment for Defendants. (ECF No. 44.) Plaintiff now moves to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 46.)

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). "A court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). However, Rule 59(e) permits a district court to reconsider and amend a previous order. "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)). Therefore, a district court should not grant a motion for reconsideration "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Disagreement with a district court's ruling on a motion for summary judgment will not support a motion to alter or amend the judgment. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002); Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 20-C.

   "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an "intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations omitted). Moreover, Local Rule 230(j) requires a party filing a motion for reconsideration to show that "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court. *Exp. Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995).

   In the case at issue, Plaintiff's motion fails to meet any of elements set forth above. Instead, Plaintiff re-visits the same fruitless grounds that have been properly considered, adjudicated, and rejected. Plaintiff cites no newly discovered evidence, no intervening change in controlling law, and makes no showing that the court has "committed clear error or the initial decision was manifestly unjust." *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). As such, Plaintiff's Motion to Alter or Amend Judgment (ECF No. 46.) is hereby DENIED.

   IT IS SO ORDERED.

Dated: May 9, 2014

                       Troy L. Nunley
                       United States District Judge